## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEPHEN SUMMERS,

     Plaintiff,

vs.                             No. CIV 14-0063 JB/KBM

COSME D. RIPOL,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Stephen Summers's Civil Rights Complaint, filed January 21, 2014 (Doc. 1). Summers is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Summers' Complaint.

## PROCEDURAL BACKGROUND

The Complaint alleges that Defendant Cosme D. Ripol is a public defender who represented Summers in a state court criminal proceeding. Summers asserts that Mr. Ripol provided ineffective assistance by failing to file motions to dismiss the criminal charges and by making inculpating statements in court. Mr. Ripol also allegedly failed to request a jail furlough for Summers to attend a funeral service. Summers contends that Mr. Ripol's actions violated his due process rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America. For relief, the Complaint seeks "[a]ction taken against Cosme Ripol, Barr Investigation, Release from San Juan County, Charges Dismissed, [and] Monetary Relief."

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."   The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).   A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing Summers's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.   See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

The Court will dismiss Summers' Complaint.   The Complaint fails to allege action under color of state law.   Moreover, habeas corpus claims are not cognizable in an action brought under 42 U.S.C. § 1983.

## I.   THE COMPLAINT FAILS TO ALLEGE ACTION UNDER COLOR OF STATE LAW.

No relief is available on Summers' claims against Mr. Ripol.   The Complaint fails to allege one of the two statutory elements of a claim under 42 U.S.C. § 1983.   A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law."   Gomez v. Toledo, 446 U.S. 635, 640 (1980); Houston v. Reich, 932 F.2d 883, 890 (10th Cir. 1991).   Case law clearly holds

that a public defender undertaking a defense does not act under color of state law for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 316 (1981); Harris v. Champion, 51 F.3d 901, 909-10 (10th Cir. 1995).   Because Mr. Ripol did not act under color of state law while representing Summers in the state court criminal proceeding, the Court will dismiss Summers's § 1983 claims against him.

Dismissal of Summers' claims for failure to allege that Mr. Ripol acted under color of state law presents the Court with certain inconsistencies in applicable case law from the Supreme Court of the United States and Court of Appeals for the Tenth Circuit.   The issue is whether to dismiss these § 1983 claims without prejudice for lack of subject-matter jurisdiction or, alternatively, with prejudice for failure to state a claim for relief.   Compare Lay v. Otto, 530 F. App'x 800, 802-03 (10th Cir. 2013)("[Plaintiff] has not alleged facts showing that Defendants acted under color of state law.   This element is 'a jurisdictional requisite for a § 1983 action.' . . .   Accordingly, we must remand the case with directions to the district court to dismiss [plaintiff]'s lawsuit 'without prejudice' for lack of subject-matter jurisdiction."  (quoting Polk County v. Dodson, 454 U.S. 312, 315 (1981))), with Mehdipour v. Matthews, 386 F. App'x 775, 777 n.3 (10th Cir. 2010)("If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).")(citing, *inter alia*, West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")).

Under these two discrepant rules, the Court will dismiss Summers's claims, first, without prejudice under rule 12(b)(1) for lack of subject matter jurisdiction.   See Lay v. Otto, 530 F. App'x at 803.   Alternatively, because the Complaint clearly asserts jurisdiction under 28

U.S.C. § 1331, see Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)("The district court had jurisdiction under 28 U.S.C. § 1331 [of prisoner's § 1983 complaint].")., the Court would likely, if it had jurisdiction, dismiss his claims with prejudice under rule 12(b)(6) for failure to state a claim against Mr. Ripol, see Mehdipour v. Matthews, 386 F. App'x at 777 n.3.  See also Curley v. Perry, 246 F.3d at 1281, 1284-85 (affirming sua sponte dismissal with prejudice under rule 12(b)(6) "of a meritless complaint that cannot be salvaged by amendment").

## II.    HABEAS CORPUS CLAIMS ARE NOT COGNIZABLE IN A § 1983 ACTION.

In his § 1983 complaint, Summers also seeks release from custody and dismissal of charges against him.   These claims may not be prosecuted in a civil rights action.   "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . . [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983."   Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983 and Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).   "[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for [writ of] habeas corpus." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)(citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).   If Summers wishes to pursue his claims for release from custody and dismissal of charges, he must do so in a habeas corpus proceeding.   The Court will therefore deny his Motion for Habeas Corpus, filed on March 3, 2014 (Doc. 9), and dismiss these claims without prejudice.

**IT IS THEREFORE ORDERED** that (i) Plaintiff Stephen Summers's claims under 42 U.S.C. § 1983 against Defendant Cosme D. Ripol are dismissed without prejudice for lack of subject-matter jurisdiction; (ii) the Motion for Habeas Corpus (Doc. 9) filed on March 3, 2014, is

denied, and Summers's claims for habeas corpus relief are dismissed without prejudice; and (iii)

judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen Summers
San Juan County Adult Detention Center
Farmington, New Mexico

*Plaintiff pro se*